**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Amica Richardson, on behalf of her daughter, L.R., a minor, ) ) ) | |
| Plaintiff, ) ) | No. 24-cv-8243 |
| v. ) ) | Judge April M. Perry |
| Board of Education of Elgin School District U-46, School District U-46, Ellis Middle School, and Ms. Law, ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Amica Richardson ("Plaintiff") alleges that in September 2023 an Ellis Middle School teacher called her daughter a racial slur and mocked her daughter in front of other students. Plaintiff brings this action against that teacher, Ms. Law ("Law"), as well as the Board of Education of Elgin School District U-46 ("Board of Education"), School District U-46, and Ellis Middle School. Counts I and II are brought under 42 U.S.C. § 1983 and allege that defendants violated Title VI of the Civil Rights Act of 1964 and the Equal Educational Opportunities Act of 1974 (the "EEOA"). The remaining counts advance state law claims for alleged violations of the Illinois Civil Rights Act, 740 ILCS 23/5 (Count III), willful and wanton conduct (Count IV), intentional infliction of emotional distress (Count V), negligent hiring and retention (Count VI), and violation of the Family Expense Statute, 750 ILCS 65/15 (Count VII). The Board of Education now moves to dismiss the complaint. For the reasons that follow, the Court grants the Board of Education's motion.

## BACKGROUND

The below facts are drawn from the allegations in Plaintiff's amended complaint, which the Court accepts as true, drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff is a resident of Illinois and the mother of L.R., an African American minor. Doc. 20 at 2. At all relevant times, L.R. was a sixth-grade student at Ellis Middle School with an Individualized Education Program, a plan provided to students receiving special education and related services. *Id*. At all relevant times, Law, a Caucasian woman, was a sixth-grade teacher at the school and an "official of Defendants" with the authority to "institute corrective and 'restorative' measures." *Id*. at 4. On September 12, 2023, in a classroom at the school, Law called L.R. the "n word" and mocked L.R. for being "mentally ill" in front of other students. *Id*. at 5. At the time, the Board of Education maintained a written anti-discrimination policy prohibiting the use of derogatory racial slurs and name-calling against students, which Law was obligated to follow. *Id*.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Put differently, "factual allegations must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555. On a motion to dismiss for failure to state a claim, the court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016). Legal conclusions, however, are not entitled to such treatment. *See Twombly*, 550 U.S. at 555.

A complaint that satisfies the Rule 8 requirements of a short and plain statement of the claim may still be "highly vulnerable" to dismissal under Rule 12(b)(6) if the facts pled do not constitute a legal cause of action. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). While courts are "required to consider whether a plaintiff could prevail under any legal theory or set of facts," they "will not invent legal arguments for litigants" who must offer legal arguments in response to a defendant's motion to dismiss. *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006), *as amended* (Apr. 11, 2006) (internal citation omitted); *Kirksey*, 168 F.3d at 1041.

## ANALYSIS

Before beginning with the legal analysis, the Court addresses the proper entities that can be sued in this case. Pursuant to the Illinois School Code, 105 ILCS 5/1-1 *et. seq*, a board of education is the only entity that can sue and be sued on behalf of a school district. *See* 105 ILCS 5/10-2 (stating that the school board "may sue and be sued in all courts and places where judicial proceedings are held"). The Court therefore grants the Board of Education's motion to dismiss School District U-46 and Ellis Middle School as defendants in this action. The Court also dismisses "Ms. Law" as a defendant in this action, as Law has never been served though the case has been pending for more than nine months. Doc. 32. This leaves the Board of Education as the only remaining defendant.

In its motion to dismiss, the Board of Education first argues that Plaintiff's Section 1983 claims cannot be sustained against it because Plaintiff does not meet the pleading requirements set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A cause of action may be brought under Section 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In *Monell*, the Supreme Court held that municipalities are "persons" who may be sued under Section 1983. *See Monell* 436 U.S. at 690. That said, the Supreme Court further held that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691. Rather,

> [for] a *Monell* claim to survive a motion to dismiss, a plaintiff must plead facts that plausibly suggest that: (1) she was deprived of a constitutional right; (2) the deprivation can be traced 'to some municipal action (i.e., 'a policy or custom'), such that the challenged conduct is properly attributable to the municipality itself'; (3) 'the policy or custom demonstrates municipal fault, i.e., deliberate indifference'; and (4) 'the municipal action was the moving force behind the federal-rights violation.'

*Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (quoting *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021)). Each of these requirements "must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Id.* (quoting *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022)).

In this case, Plaintiff has not alleged facts plausibly suggesting that her daughter was deprived of a constitutional right by the Board of Education's conduct.[1] Deprivations of rights are attributable to the municipality when the municipality brought about the deprivation through an express policy, a widespread practice so permanent and well settled as to constitute a custom, or through the actions of a person with final policymaking authority. *See Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). In this case, the parties agree that the express policy of the Board of Education prohibited the use of racial slurs against students, and Plaintiff has not pled that it was a widespread practice for teachers to use racial slurs against students. Thus, the only avenue for municipal liability would be if the person who harmed Plaintiff's daughter had final policymaking authority on behalf of the Board of Education.

For the purposes of Section 1983, policymaking authority is "not simply the power to make decisions;" it is broader and must encompass the power to speak for the local government on official policy. *See Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 630 (7th Cir. 2009). Whether an official has final policymaking authority is a question of state law. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). Under Illinois law, even management employees of a school district such as the principal or superintendent do not have final policymaking authority. *Id.* (finding that such employees were not officials with final policy-making authority because they did not speak for the local government on official policy but reported to the board of education); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 619 (7th Cir. 2001) (same, and adding that even president

---

[1] Because the traceability requirement is enough on its own to decide the Section 1983 claims, the Court does not address the Board of Education's other argument that Plaintiff cannot use Section 1983 as a vehicle to bring claims for other statutory violations. When deciding whether to file an amended complaint, however, Plaintiff is advised to consider whether this hurdle can be overcome. *See generally Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277, 281 (7th Cir. 2003) ("When the violation is of a statutory right, a plaintiff runs the risk that a court might decide that the statutory scheme in one way or another forecloses § 1983 relief.").

of school board did not have final policymaking authority). Rather, only the board of education and those who it delegates to act on its behalf have the final policymaking authority. *Duda*, 133 F.3d at 1061.

Here, the complaint alleges that Law was a teacher, an official, and possessed the authority to institute corrective and restorative measures. Nothing about these allegations indicates that Law had been authorized by the Board of Education to create official policy on its behalf. *See Horwitz*, 260 F.3d at 620 (affirming dismissal of Section 1983 claims where plaintiff provided no sound basis to conclude that individual actors were final policymakers and reasoning that "*Monell* places the burden on [plaintiff] to demonstrate that an official policy or custom of the Board's caused her injury").[2] Nor is it a reasonable inference that a sixth-grade teacher had policymaking authority on behalf of the Board of Education. Therefore, the Section 1983 claims against the Board of Education are dismissed.

The Court next considers whether Plaintiff has plausibly alleged a standalone violation of Title VI. Title VI provides that no person shall "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "This law supplies a private right of action against the recipient of the assistance who has intentionally discriminated against a covered plaintiff based on a protected category like race." *Collins v. Centers for Medicare & Medicaid Servs.*, No. 24-2557, 2025 WL 599630, at *2 (7th Cir. Feb. 25, 2025). The Seventh Circuit has not articulated the pleading standard under Title VI but has indicated that Title VII and Title IX are analogous. *See id.* at *2 (drawing on pleading standard

---

[2] The Court is unpersuaded by Plaintiff's reliance on *Shebley v. United Cont'l Holdings, Inc.*, 357 F. Supp. 3d 684 (N.D. Ill. 2019), as *Shebley* did not involve Section 1983 claims.

under Title VII); *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014) ("Title VI and Title IX are so similar that a decision interpreting one generally applies to the other.").

Under Title VII, a "plaintiff alleging race discrimination need not allege each evidentiary element of a legal theory to survive a motion to dismiss." *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019). Rather, allegations that race "intentionally motivated a decision suffice." *Collins*, 2025 WL 599630, at *2. That said, "a school district's liability must be personal rather than vicarious." *Doe v. St. Francis Sch. Dist.*, 694 F.3d 869, 871 (7th Cir. 2012). Therefore, allegations of discriminatory conduct disconnected from the school district's own conduct will not suffice. On this basis, school districts have been found liable for teacher misconduct only where an official of the school district with the authority to institute corrective measures had actual notice of and was deliberately indifferent to a teacher's misconduct. *See id.* (interpreting Title IX).

Plaintiff argues that her Title VI claim is adequately pled because Law was an official with the authority to institute corrective measures, and Law had notice of and was deliberately indifferent to Law's own conduct. The Supreme Court, however, has foreclosed this very argument: "Where a school district's liability rests on actual notice principles, [] the knowledge of the wrongdoer himself is not pertinent to the analysis." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291 (1998) (interpreting Title IX claim of teacher sexual misconduct and finding that the premise of these cases "is an official decision by the recipient [of federal funds] not to remedy the violation"). Because Plaintiff's argument that the school district may be held liable rests entirely on Law's status as both the alleged perpetrator and the official within the school with knowledge of that conduct, Plaintiff has failed to adequately allege facts which plausibly

suggest that the Board of Education can be held liable under Title VI. Thus, Plaintiff's Title VI claim is dismissed.[3]

The Court next considers Plaintiff's EEOA claim. The relevant section of the EEOA provides that "No State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin," including by "the deliberate segregation by an educational agency of students on the basis of race, color, or national origin among or within schools." 20 U.S.C. § 1703. The Board of Education argues Plaintiff has not stated a claim under this section of the EEOA because Plaintiff's only allegation suggesting L.R. was segregated from other students is a conclusory statement not entitled to the presumption of truth at this stage. The Court agrees. Plaintiff alleges Law's treatment of L.R., specifically calling L.R. a racial slur and mocking her for being "mentally ill" in front of other students, "deliberately segregated [L.R.] from the rest of her classmates on the basis of race." Doc. 20 at 12. Setting aside Plaintiff's legal conclusion that L.R.'s treatment amounted to segregation, the complaint does not plausibly allege that L.R. was subjected to racial segregation as contemplated by the EEOA. No allegations suggest L.R. was assigned to a particular school or classroom or otherwise separated from her peers for educational purposes on the basis of her race. *See Castaneda v. Pickard*, 648 F.2d 989, 999 (5th Cir. 1981) (describing EEOA's purpose as requiring that students not be "discriminated against on the basis of race by assignment to a particular school or classroom"); *see also Keyes v. Sch. Dist. No. 1, Denver, Colo.*, 413 U.S. 189, 198 (1973) (discussing student body composition as relevant to whether a school is considered segregated). Therefore, Plaintiff

---

[3] The Board of Education advances several other arguments for why Plaintiff's Title VI claim is inadequate, including because she has not pled the requisite connection between the alleged federal funding and the challenged conduct, L.R. was not an intended beneficiary of those federal funds, and Plaintiff has not adequately pled intentional discrimination or that L.R. faced adverse action. Because the lack of any alleged personal liability on the Board of Education's part resolves the motion as to Title VI, the Court does not address those arguments at this time.

has not adequately pled a violation of the EEOA and her claim against the Board of Education under the EEOA is dismissed.

Having dismissed all federal claims against the Board of Education, the Court is without federal subject matter jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367 (providing district courts with supplemental jurisdiction only in civil actions over which district court has original jurisdiction). The Court therefore dismisses the complaint in its entirety.

### CONCLUSION

The complaint in this matter is dismissed, without prejudice. Plaintiff is given leave to amend the complaint by July 16, 2025, if counsel can do so consistent with Federal Rules of Civil Procedure 11(b)(2) and (b)(3).

Dated: June 18, 2025

_____
APRIL M. PERRY
United States District Judge